UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ryan P. Navratil,                           Civil File No.: 12-cv-01533 JNE/SER

    Petitioner,

v.                                          **REPORT AND RECOMMENDATION**

Lucinda Jesson,
Commissioner of the
Minnesota Dept. of Human Services

    Respondent.

---

Ryan P. Navratil, *pro se*, MSOP, 1111 Highway 73, Moose Lake, Minnesota 55767.

Matthew Frank and John Gross, Esqs., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota 55101, for Respondents.

---

STEVEN E. RAU, United States Magistrate Judge.

This matter is before the undersigned on Ryan P. Navratil's ("Navratil") petition for a writ of habeas corpus. The petition was filed pursuant to 28 U.S.C. § 2254 and was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied.

I.  **BACKGROUND**

Petitioner Ryan P. Navratil is civilly committed as a sexually dangerous person ("SDP") by order of the Douglas County District Court. In May 2008, Douglas County Director of Social Services Mike Woods filed a petition for the civil commitment of Navratil as an SDP and a

sexual psychopathic personality ("SPP") under Minn. Stat. § 253B.02, subd. 18b, 18c (2009). (App. Index to Resp.'s Mem. of Law in Supp. of Answer. ("Answer App.")) [Doc. No. 16, Ex. 1 at ¶4]. Douglas County District Court Judge Ann L. Carrot held a hearing on January 19-20, 2010. (Answer App. Ex. 3 at 1). The district court heard evidence of several sexual contacts and assaults of juvenile females, Navratil's criminal convictions, Navratil's own testimony, as well as reports and testimony from two court-appointed medical experts. (*Id.* at 3 ¶¶ 5-6.) The record was left open until March 30, 2010, so that both parties could file additional documents. (*Id.* at 4 ¶ 8). On June 25, 2010, the district court ruled that Navratil was not an SPP, but was an SDP within the meaning of Minn. Stat. § 253B.02, subd. 18c (2009). (*Id.* at 59 ¶ 10).

Subsequently, Navratil was temporarily committed as an SDP pending his statutory sixty-day review hearing. (Answer App. Ex. 3 at 57-59). A review hearing occurred on October 7, 2010, and the resulting order indeterminately committed Navratil as an SDP to the Minnesota Sex Offender Program (MSOP), pursuant to Minn. Stat. § 253B.02, subds. 18b and 18c (2010). (Answer App. Ex. 5). The district court's order noted with frustration that there was "unequivocal and uncontroverted" evidence that MSOP had not provided Navratil any treatment in the initial sixty days of his commitment, but that "[s]hort-term treatment over a sixty-day period is highly unlikely to address the needs of SDPs, making a sixty-day review superfluous." (*Id.* at ¶ 5).

Navratil appealed the district court's determination to the Minnesota Court of Appeals, arguing that the evidence was insufficient to meet the SDP criteria, and that the district court violated the Constitution when it committed Navratil to MSOP despite its finding that MSOP was not providing him treatment. (Answer. App. Ex. 6 at 11-17). The Minnesota Court of Appeals found that (1) the district court did not err in concluding Navratil was an SDP; (2) that

clear and convincing evidence supported the district court's conclusions; and (3) that the district court did not err in ordering Navratil's indeterminate commitment despite its finding that he was not afforded treatment during the initial sixty days of his commitment. *In re Civil Commitment of Navratil*, 799 N.W.2d 643, 650-51 (Minn. Ct. App. 2006) *review denied* (Minn. Aug. 24, 2011). Judgment was entered on September 13, 2011. (Answer App. Ex. 10 and Ex. 11).

Navratil filed the instant federal habeas petition on June 26, 2012.[1] He raises six grounds for relief. First, he claims the district court did not consider a less-restrictive placement. Second, he alleged he was denied his constitutional right to due process. Third, he contends the dissent in his appellate case may have been interpreted incorrectly.[2] Fourth, he argues that two of his victims (aged 13 and 14 at the time of the offenses) 'consented' to sex with him. Fifth, he claims Minnesota's civil commitment process is not tailored sufficiently to address individual cases adequately. Lastly, Navratil argues that Minnesota "casual[ly] committed him to "life being spent in an institution." (Pet. Under 28 U.S.C. § 2254 for of [sic] Writ of Habeas Corpus by Person in State Custody ("Petition")) [Doc. No. 1 at 5-7].

In Grounds Two, Five, and Six Navratil makes reference to his direct appeal claim that the district court violated the Constitution when it committed him indeterminately despite its finding that MSOP was not providing him treatment. (*Id.* at 5 and 7). While not artfully drafted, these grounds appear to be closely related variants of the second claim he raised in his state court appeal. The Court will assume that Petitioner has exhausted his state court remedy for that

---

[1] This is Navratil's second petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. Navratil filed his first petition on November 29, 2011. [11-cv-3485 (SER/JNE) Doc. No. 1]. By a letter dated February 22, 2012, Navratil sought to voluntarily withdraw his petition. [11-cv-3485 Doc. No. 9] On March 27, 2012, District Court Judge Joan Nelson Ericksen granted Navratil's Motion for Voluntary Dismissal, and dismissed his petition without prejudice. [11-cv-3485 Doc. No. 11].

[2] While Navratil's petition is not a model of clarity, the Court has attempted to summarize and interpret his arguments as faithfully as possible.

3

claim. Because Petitioner has not presented his other claims to the state courts, however, he has not exhausted his state court remedies for those claims.

**II.  DISCUSSION**

An individual civilly committed as an SDP may challenge his commitment through 28 U.S.C. § 2254. *See Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009). On review of a § 2254 petition, the question for the Court is whether the commitment violates the United States Constitution or clearly established federal law. *See id.* (citing 28 U.S.C. § 2254(a)). Only three circumstances give rise to habeas relief: (1) if a state court decision was contrary to clearly established federal law, (2) if a state court decision involved an unreasonable application of clearly established federal law, or (3) if the state court decision was based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d).

A federal court may not entertain a § 2254 petition unless the individual in state custody has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *see Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) ("Before seeking habeas corpus relief under § 2254, a prisoner ordinarily must 'fairly present' his federal claims to the state courts."). The purpose of this requirement is to give state courts the first opportunity to correct the alleged errors. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). If the petitioner has the right under state law "to raise, by any available procedure, the question presented," the claim is not exhausted. 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, the individual must present the federal nature of his or her claim to each level of the state courts. *O'Sullivan*, 526 U.S. at 845 (explaining that comity compels the individual to "use the State's established appellate review procedures before he presents his claims to a federal court.").

Individuals who have been civilly committed as SDPs or SPPs in Minnesota have two distinct state court remedies: (1) direct appeal of their commitment to the Minnesota Court of Appeals and (2) a petition in the state courts for a writ of habeas corpus. Minn. Stat. § 253B.23, subd. 7 (2010) (recognizing right to appeal civil commitment); (Minn. Stat. § 253B.23, subd. 5. (2010) (recognizing that individuals under an order of civil commitment may seek habeas relief); *see also Joelson v. O'Keefe*, 594 N.W.2d 905, 908 (Minn. App. 1999) *review denied* (Minn. July 28, 1999). Navratil appealed his civil commitment to the Minnesota Court of Appeals and petitioned for review by the Minnesota Supreme Court, so he has exhausted his direct appeal option. As Respondent concedes, however, Navratil still has the ability to present claims through a state habeas petition in Minnesota courts. (Mem. in Supp. of Answer to Pet. for Writ of Habeas Corpus) [Doc. No. 11 at 9] ("Navratil has not filed a habeas corpus petition in Minnesota, despite his specific ability to do so.")); *see* Minn. Stat. § 253B.23, subd. 5 (2010); *Beaulieu v. Minn. Dep't of Human Servs.*, 798 N.W.2d 542, 546 (Minn. Ct. App. 2011).

In a state habeas petition, the court will consider both constitutional and jurisdictional grounds, but cannot review issues previously raised. *See Anderson*, 128 N.W.2d at 714 (holding that mentally ill person may petition for writ of habeas corpus on jurisdictional and constitutional grounds); *State ex rel. Crippen v. Tahash*, 143 N.W.2d 383 (Minn. 1966) (declining to address issues in habeas appeal that petitioner raised previously). Civilly committed individuals do not waive constitutional claims that they failed to raise on direct appeal, as is the case for petitioners challenging a criminal conviction. *See State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976) (in a post-conviction proceeding, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief"). Thus, Navratil may file a petition for a writ of habeas corpus in the

Minnesota courts. Until he does so, he has not fully satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

Because Navratil has not satisfied the exhaustion of state court remedies requirement for most of his claims, he has filed a "mixed petition" that cannot be entertained in federal court. *Rose v. Lundy*, 455 U.S. 509 (1982). The Court recommends that his action be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Nevertheless, the Court recommends that the action be dismissed without prejudice, so that Navratil can return to the state courts and attempt to exhaust his presently unexhausted claims. He may return to federal court (if necessary) after the state courts have reviewed and decided those claims. *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. *Jackson v. Domire*, 180 F.3d 919, 920 (8th Cir. 1999) (*per curiam*); *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir. 1996), *cert. denied*, 519 U.S. 1153 (1997). If Navratil intends to exercise that option here, he should file an entirely new amended petition that includes only fully exhausted claims before the deadline for filing objections to this Report and Recommendation. If he fails to file an amended petition, the Court recommends that Navratil be deemed to have waived the option to amend, and that the action then be dismissed without prejudice. Navratil should understand that if he does file an amended petition that includes only exhausted claims, he will not be able to file another habeas petition. *See* 28 U.S.C. § 2244(b)(2). Petitioners who file mixed petitions

> may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles . . . There is no basis in our cases for supposing . . . that a petitioner with unexhausted claims . . . who elects to proceed to adjudication of his exhausted claims. . . may later assert

that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition.

*Burton v. Stewart*, 549 U.S. 147, 154 (2007).

Lastly, although the statute of limitations set forth in 28 U.S.C. § 2244(d) has not expired, Navratil is nearing that deadline. Section 2244(d)(1)(A) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review […]

Here, the one-year statute of limitations applicable to claims arising from the 2010 commitment hearing began running when the time expired for Navratil to seek review of the Minnesota Supreme Court's decision. The Minnesota Supreme Court denied Navratil's request for review on August 24, 2011, and judgment was entered on September 13, 2011. Navratil had ninety days from the entry of judgment by the Minnesota Supreme Court to petition the United States Supreme Court for a writ of certiorari. *See* Sup. Ct. R. 13.1. Thus, Navratil had until December 13, 2011 to petition for certiorari. The one-year statute of limitations began running on that date. The Court recommends that Navratil be mindful of these dates as he makes decisions on how to proceed.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Navratil's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE** unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.

Dated: October 4, 2012

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **October 18, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.